UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADMIRAL INSURANCE COMPANY,

    Plaintiff,

v.                                                CASE NO. 8:25-cv-00529-SDM-TGW

R. SKYE INC., et al,

    Defendants.
_____/

## **ORDER**

Requesting declaratory relief under 28 U.S.C. § 2201, Admiral Insurance Company sues (Doc. 2) R. Skye, Inc. and Edward Kenjorski. Although the record reveals proper service of process (Docs. 9-10), both defendants fail to answer the complaint or otherwise appear in this action. The clerk entered a default (Docs. 13, 16) as to each defendant. Admiral moves (Doc. 17) for default judgment.

Admiral issued an insurance policy to R. Skye for the period December 11, 2022 to December 11, 2023. (Doc. 2 at ¶8) During the policy period, Kenjorski sustained injuries from a bar fight at R. Skye's property, known as Karma Spirits. (Doc. 2 at ¶5) Kenjorski sued R. Skye for negligence. (Doc. 2 at ¶5) The action pends in state court. (Doc. 2 at ¶5)

Admiral requests a declaration that:

    a. Admiral Policy CA000047444-01 is the liability policy applicable to Karma Spirits covering bodily injuries occurring during the applicable policy period.

    b. Claims for Assault & Battery are excluded from coverage under the primary Bodily Injury liability coverage provision and the Liquor Liability coverage provision.
    c. Any claims arising out of an assault and battery would be covered, if at all, by the Assault & Battery Coverage Provision.
    d. The Assault & Battery Coverage Provision has a limit of liability of $100,000, which is eroded or reduced by the amount paid by Admiral for defense costs, such as attorney's fees, medical examinations, liability experts, duplication of medical expenses, and the like.
    e. There is no other coverage provision in the Admiral policy applicable to the Kenjorski claim that would provide more liability coverage for Karma Spirits.
    f. The full extent of Admiral's liability under the policy for the Kenjorski claim was $100,000 and is now limited to whatever remains after payment of the defense expenses.

(Doc. 2 at ¶24)

Because the requested declaration is entirely consistent with the applicable insurance policy, Admiral's motion for default judgment is **GRANTED**. The clerk must enter a judgment for the plaintiff and against the defendants and adjudging each item in (a) through (f) alone in favor of the plaintiff, after which the clerk must close the case.

ORDERED in Tampa, Florida, on October 9, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE